## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT DECATUR,

### AUGUST TERM, 1847.

---

No. 38.—FREDERICK HARTLEY and others, plaintiffs in error, vs.
THE STATE OF GEORGIA, defendant in error.

[1.] Where one assuming to act as tax collector was, on the information of the Solicitor
General acting as the agent of the State, declared to be, by a court of competent
jurisdiction, exercising the duties of the office without any warrant or authority,
and the money in his hands ordered to be paid into the hands of the clerk of the
Superior Court—*held*, that the Comptroller General, as the agent of the State,
could not legally issue execution against him and his securities *as tax collector*, for
the money which he had wrongfully collected and ordered to pay out by the judg-
ment of the Court.

Illegality. Tried before Judge FLOYD. In Crawford Superior
Court. February Term, 1847.

Frederick Hartley was exercising the office and duties of a col-
lector of taxes in and for the county of Crawford, and in that
character had collected the sum of $344 51 from persons liable to
pay taxes therein.

Afterwards, at the August Term, 1844, of the Superior Court of
said county, Augustus S. Wingfield, Esq., then Solicitor General
of the Flint Circuit representing the State of Georgia, by informa-
tion *quo warranto*, gave the said Court to understand and be
informed, that the said Hartley had been, and was then, using and
exercising the office of tax collector of the said county of Crawford,
without any warrant or commission from the State, and which office
the said Hartley had usurped, &c. Whereupon the said Hartley

was required, in due form of law, to be and appear before the said Court upon a day in said term, and to show by what warrant he was exercising, using, and enjoying the office of tax collector aforesaid.

Upon the hearing, the information *quo warranto* and the said Hartley's answer thereto, being considered, and it appearing that said Hartley had been and was then using the office of tax collector as aforesaid without sufficient warrant therefor, it was ordered and adjudged by the Court, that he should be and was thereby removed from said office; and that the papers and books appertaining to said office then in the hands of said Hartley, and all moneys by him received as tax collector as aforesaid after the 18th day of June then last, should be by him paid to, deposited with, and turned over to the clerk of said Court, and by said clerk retained until they should be applied for by the then next regularly-elected tax collector of said county.

Afterwards, on the 29th of March, 1845, the Comptroller General of said State, whose duty it is to issue executions against defaulting tax collectors, issued an execution against said Hartley as tax collector of said county for the year 1844, and his securities, Jefferson Whittington, Joseph M. Whittington, Jesse B. Long, Jeremiah Walton, Robert A. Thorpe, John Hancock and Michael Hartley, for an alleged arrear of taxes of $344 51, with interest, &c.

This *fi. fa.* was levied, and the said Hartley filed an affidavit of illegality upon the following grounds:

1. *Because*, at the August Term of the Superior Court of the county aforesaid for the year 1844, the bond given by the said Hartley and the other defendants, was held to be given not in conformity to law, and void, and that the said Hartley had exercised the office of tax collector without lawful warrant or authority; and it was then and there ordered by the said Court, that the said Hartley should be removed from the exercise of the rights and duties of tax collector for said county.

2. *Because*, the bond given by the defendants was held not to entitle the said Frederick Hartley to the benefits and profits arising from the office of tax collector, and cannot, as deponent is advised and believes, make them liable in the same manner as if said bond had been held sufficient.

3. *Because* said execution issued for a sum exceeding *twenty dollars*, and does not appear to be authorized by the verdict of any

jury, or the judgment of any court, or any matter existing or appearing of record in the State of Georgia.

4. *Because* said execution, being void against the alleged securities, the same is illegal and void as to the deponent himself.

5. *Because* said execution has been issued under a statute of this State, and which statute this deponent submits to the decision and judgment of the Honourable the Superior Court of said county, is unconstitutional and void. And deponent insists, that upon most if not all the above grounds, said execution is illegal. And he prays that the same may be set aside and declared void.

At the February Term, 1847, of the Court below, Judge Floyd presiding, the said affidavit of illegality came on to be heard, when the removal of Hartley as aforesaid was shown by the production of the record thereof. The taxes specified in the execution issued by the Comptroller General, were the same specified in the order of said Hartley's removal, and which were directed by said order to be paid over to the clerk as aforesaid.

The Court below after argument, overruled the affidavit of illegality and the several grounds embodied therein, and ordered the execution to proceed.

To which decision the counsel for Hartley and his securities excepted.

KING & GORDON, and HALL, for the plaintiffs in error.

Sol. Gen. McCUNE, and HAMMOND, for the State.

Mr. Hall contended, that under the circumstances the Comptroller General had no legal authority to issue the execution. If Hartley had been a duly qualified tax collector, then under the law the payment to him by the tax-payers was good, and execution might have been issued against him and his securities therefor. But it had been declared by a court of competent jurisdiction that he was not a duly qualified officer, and he had been by the order of that court removed from the franchises and rights of the office. By the act of 1804, *Prince* 844, it is declared that "if any person shall presume to exercise the office of tax collector without due qualification, he shall forfeit double the sum of each person's tax he shall so receive, to be recovered by any person who shall inform and prosecute for the same, in any court having jurisdiction of the amount." Why was this statute passed? Was it for the protec-

tion of the State, or the tax-payer? If the act was for the protection of the tax-payer, the remedy given him shows that the State does not regard the payment made as valid, and still holds him liable. If the payment is not such an one as the State will recognise, the State has no authority to pursue the collector upon his bond. Two persons ought not to have a claim upon him for the same debt or duty—he cannot owe it to both. The statute above quoted gives the right to the tax payer, and *expressio unius est exclusio alterius*.

Least of all could the legislature have ever contemplated the exercise of such a power as this by the Comptroller General, upon testimony which, in an action upon the tax collector's bond, would have been deemed illegal and inadmissible in any court in the State. Joseph J. Bradford, who gave the certificate upon which this *fi. fa.* issued, was Hartley's successor in office, and was liable for the whole amount of the taxes, *prima facie*. He was therefore interested to shift as much of this burthen as possible from his own shoulders to Hartley's, and was for that reason incompetent. *Shiras* vs. *Morris*, 8 *Cowen R.* 60; *Sage* vs. *Sherman*, 25 *Wend.* 430; *Marquand* vs. *Webb*, 16 *Johns. R.* 93; 13 *Pick. R.* 128; *Purviance* vs. *Dryden*, 3 *Sergt. & R.* 402; *McBrain* vs. *Fortune*, 3 *Camp. R.* 317; *Ripley* vs. *Thompson*, 12 *Moore R.* 55; *Doeblu* vs. *Snavely*, 5 *Watts R.* 228; *Hayes* vs. *Grier*, 4 *Binn. R.* 83; *Emerton* vs. *Andrews*, 4 *Mass. R.* 654; 2 *Smith's Leading Cases*, *(notes to Bent* vs. *Baker,)* 68 *et. seq.;* 1 *Greenl. Ev.* 463 *et seq.;* *Nisbet* vs. *Lawson*, 1 *Kelly R.* 275.

The remedy which the Comptroller General has taken in this case is strictly statutory, and in order to authorize it, the statute must have been pursued; but it seems that Hartley was not a collector under the statute, therefore the bond could not have been taken in conformity with its provisions, and the remedy upon it, if any, must be at common law. The statutes under which this execution issued, are in derogation of the common law, and must be strictly construed. *Stell* vs. *Glass*, 1 *Kelly R.* 475.

Mr. HAMMOND for the State,

Insisted that the act of 1804, read by Mr. Hall, did not apply. Hartley was not an usurper of the office, in the sense of that expression in the cases read. He collected the taxes by colour of right, while he was tax collector *de-facto*. He held himself out as Tax Collector *de jure*. After his removal, it does not lie in his

Hartley and others *vs.* The State.

mouth to deny his assumed character, and shelter himself under. the judgment of the Court removing him from office, &c.

Mr. KING for the plaintiffs in error, in conclusion—

Contended that Hartley's default, if any, was as an usurper, and not as a lawfully appointed tax collector. So far as the law was concerned, they might assume for the purposes of the argument, that Hartley had never been elected. The judgment of the Court was that he had no authority to collect the taxes. The record of the Court did not show that he had either been elected or commissioned.

In *McDonald* vs. *Bradshaw*, 2 *Kelly* 248, this Court held that a person paying money to a sheriff *after* his right to receive it had expired, took nothing by the payment. Is a person paying money to one who never had any authority, in a better situation?

*Note.*—The references by counsel to authorities touching the constitutional questions raised, are omitted, the Supreme Court having expressed no opinion upon that point.

*By the Court.*—WARNER, J. delivering the opinion.

From the record in this case it appears, that at the August Term, 1844, of Crawford Superior Court, Augustus S. Wingfield, Esq. then Solicitor General representing the state of Georgia, filed an information in said Court, that one Frederick Hartley was using and exercising the office of tax collector for said county of Crawford, without any warrant or commission from the said state of Georgia; and which office he had *usurped*, &c.; and prayed out a writ of *quo warranto*, which was duly served on Hartley.

On hearing the information on the return of the *quo warranto*, and the answer of Hartley thereto, the Court gave the following judgment:—"The Court having heard the within *quo warranto*, and the said Frederick Hartley's answer thereto, and it appearing that said Hartley has been, and is now, exercising the office of tax collector of said county of Crawford *without sufficient warrant:* therefore, ordered by the Court, that the said Frederick Hartley be, and he is hereby, removed from said office, and that the papers and books appertaining to said office now in the hands of said Hartley, and *all moneys by him received as tax collector, as aforesaid, since the 18th June last, be by him paid to or deposited with and turn-*

SUPREME COURT OF GEORGIA,

SUPREME COURT OF GEORGIA,

**238**　　　SUPREME COURT OF GEORGIA,

Hartley and others *vs*. The State.

ed over to, the clerk of the Superior Court, and by him to be retained until they shall be applied for by the next regularly elected tax collector of said county." This judgment of the Court was had at the August Term of the Court, 1844. On the 29th day of March, 1845, the Comptroller General of the State of Georgia issued an execution against Hartley and his securities, for the sum of $344 51—the amount of taxes alleged to have been received by him while exercising the duties of tax collector as aforesaid. To this execution Hartley filed his affidavit of illegality on several grounds, one of which was, that he had been removed from the exercise of the duties of the office by the judgment of the Court, declaring he had no sufficient warrant or authority therefor. Upon hearing the affidavit of illegality, the Court below overruled the same, to which Hartley excepted, and now assigns the same for error in this Court.

[1.] This execution issued against Hartley and his securities, as *tax collector* for the county of Crawford, for money which had been ordered by the judgment of a Court of competent jurisdiction, to be by him paid over to the clerk of the Superior Court of that county, on the ground that he was not tax collector, but had usurped the office, without any warrant or authority. The Solicitor General, as the agent of the State, and acting for and in behalf of the State, procured the judgment of the Superior Court declaring that Hartley was an *usurper*, and had no authority to collect taxes in the county of Crawford, for the State of Georgia. The judgment of the Court on the *quo warranto*, settles the question that he was *no tax collector*, and ordered the money in his hands to be paid to the clerk of the Court, until the same should be applied for by the regularly elected tax collector of the county. The legal presumption is, that Hartley complied with the judgment of the Court.

The Comptroller General is only authorized to issue executions against *tax collectors*, and their securities, when in default. The State, by its agent, procures the judgment of the Court, declaring that he is an usurper, and exercising the duties of the office without warrant or authority ; then, the Comptroller General, as its agent, issues the execution to collect from him for the State, as *tax collector*, the amount of money alleged to have been received by him as such usurper, and which he had already, at the instance of the Solicitor General acting as the agent of the State, been ordered to pay over to the clerk of the Superior Court of Crawford county. We are of the opinion that the State cannot repudiate him as tax collector at one time, and treat him as an usurper, and hold

him responsible as such at another; that she is bound by the judgment of the Court, on the *quo warranto*, the information for which was filed by her agent; that judgment declares he was not authorized to collect taxes, *as tax collector*, for the State. We are therefore of the opinion, the Court below erred in its judgment in not sustaining the affidavit of illegality, on that ground. Before delivering our judgment upon the constitutional questions made in the cause, we prefer to have them more elaborately argued, and a more extensive research into the authorities, than we are enabled to make at this time; as well on account of their importance, involving as they do the power of one of the co-ordinate branches of the government, as their practical effect in the collection of the State revenues; and having no difficulty in disposing of the case on the other ground, we express no opinion as to the constitutional questions raised on the argument and presented by the record. Let the judgment of the Court below be reversed, on the ground stated.